**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **ROBERT E. HARTONG JR. #863154** | § | |
| | § | |
| **V.** | § | **A-12-CA-177-LY** |
| | § | |
| **HON. SHARON KELLER, Presiding** | § | |
| **Judge, Court of Criminal Appeals,** | § | |
| **and DOES 1 THROUGH 9** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court

pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United

States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to

United States Magistrates, as amended, effective December 1, 2002.  Before the Court is Plaintiff's

complaint.  Plaintiff, proceeding pro se, has paid the full filing fee for this case.

STATEMENT OF THE CASE

In 1999, Plaintiff was convicted by a Bexar County jury of attempted murder and was

sentenced to twenty years.  State v. Hartong, No. 98-CR-117 (227th Dist. Ct., Bexar County, jmt.

entered Jan. 28, 1999).  On direct appeal, the Fourth Court of Appeals affirmed Plaintiff's

conviction.  Hartong v. State, No. 4-99-133-CR, 2000 WL 33225304 (Tex. App. – San Antonio

2000, no pet.).  The Fourth Court of Appeals described the evidence as follows:

> On October 22, 1997, Robert Hartong entered the law office of Frederick Deyeso, an
> attorney, without an appointment. Hartong on an impulse decided to pay Deyeso a
> visit to discuss the probate of his father's will. Hartong was admittedly upset about
> the will, because he believed the share he received was inadequate. For this, Hartong
> blamed Deyeso.

The meeting was tense and brief. Upon entering Deyeso's office, Hartong flung Deyeso's briefcase, scattering some papers. It was apparent to Deyeso that Hartong was intoxicated. Hartong wasn't "falling down drunk," but his speech was slurred. Shortly after learning why Hartong was there, Deyeso suggested to Hartong that he leave the office and hire an attorney to look into the matter if he wanted to pursue it further.

Hartong proceeded to leave the office followed by Deyeso. It was at this time a struggle ensued for control over a concealed gun Hartong was carrying in his back pocket. Hartong eventually gained control of the gun and fired it three or four times, hitting Deyeso in the chest once. Believing he had killed Deyeso, Hartong wandered through the building in a state of panic, waving his gun and ripping telephone cords from the wall. For whatever reason, Hartong returned to Deyeso's office before leaving the building. Finding Deyeso still alive, Hartong said "You're not dead yet?" Hartong then pointed his revolver at Deyeso's head and fired at close range, hitting Deyeso in the ear. Hartong attempted to fire the gun again but luckily for Deyeso he had run out of bullets.

At trial Hartong claimed self-defense, arguing Deyeso was the initial aggressor in the struggle over the gun. Hartong also claimed the defense of involuntary intoxication. A jury found Hartong guilty of attempted murder. . . .

Id. at 1-2.

Plaintiff subsequently challenged his conviction in a state application for habeas corpus relief. The state court denied the application without written order on the findings of the trial court without a hearing on May 29, 2002. Ex parte Hertong, Appl. No. 52,239-01. Plaintiff complains he was not provided a copy of his attorney's affidavit filed in response to Plaintiff's claims of ineffective assistance of counsel. According to Plaintiff, he notified the Texas Court of Criminal Appeals of the trial court's failure, but he was ignored. Plaintiff argues his right to fundamental fairness was violated because he was not allowed the opportunity to respond to defense counsel's affidavit. Plaintiff sues Sharon Keller, Presiding Justice of the Texas Court of Criminal Appeals, and John Does 1-9. He seeks a declaration that the Texas Court violated the Constitution's

guarantee of fundamental fairness on state procedures affecting Plaintiff's liberty and requests the Court to order the Texas Court to allow Plaintiff to proceed on a subsequent writ application.

DISCUSSION AND ANALYSIS

A.      Standard Under 28 U.S.C. § 1915A

Although Plaintiff paid the full filing fee for this case, his claims must be screened pursuant to 28 U.S.C. § 1915A.  On review, the Court must dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  See Martin v. Scott, 156 F.3d 578 (5th Cir. 1998). When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972).  However, the plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets."  Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.      Statute of Limitations

Plaintiff's complaint is barred by the applicable statute of limitations.  There is no statutorily prescribed limitations period for § 1983 actions.  Piotrowski v. City of Houston, 51 F.3d 512, 514 n.5 (5th Cir. 1995); Henson-El v. Rogers, 923 F.2d 51, 52 (5th Cir. 1991), cert. denied, 501 U.S. 1235 (1991).  Therefore, the Supreme Court has directed federal courts to apply the forum state's general personal injury limitations period to § 1983 suits.  Owens v. Okure, 488 U.S. 235, 249-50, 109 S. Ct. 573, 582 (1989).  In Texas, that limitations period is two years.  Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon

3

1986)).  Plaintiff's state habeas application was denied on May 29, 2002.  Plaintiff's claims accrued

no later than the date his application was denied.   Accordingly, Plaintiff's claims challenging the

processing of his original application for habeas corpus relief are time-barred.

      C.   <u>Mandamus</u>

      Plaintiff's challenge may also be construed as an application for writ of mandamus.

Although the writ of mandamus was abolished by Fed. R. Civ. P. 81(b), federal courts may issue all

writs necessary or appropriate in aid of their respective jurisdiction and agreeable to the usages and

principles of law.  28 U.S.C. § 1651.  But a federal court lacks the general power to issue writs of

mandamus to direct state courts and their judicial officers in the performance of their duties where

mandamus is the only relief sought.  <u>Moye v. Clerk, DeKalb County Superior Court</u>, 474 F.2d 1275

(5th Cir. 1973); <u>Lamar v. 118th Judicial District Court of Texas</u>, 440 F.2d 383 (5th Cir. 1971);

<u>Haggard v. Tennessee</u>, 421 F.2d 1384 (6th Cir. 1970).   Accordingly, Plaintiff's request for

mandamus relief should be dismissed. <u>See</u> <u>Santee v. Quinlan</u>, 115 F.3d 355, 357 (5th Cir.1997)

(affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the

power to mandamus state courts in the performance of their duties); <u>Rhodes v. Keller</u>, 77 Fed. Appx.

261 (5th Cir. 2003) (affirming dismissal as frivolous of § 1983 complaint, construed as a petition

for mandamus relief, because plaintiff was merely seeking to have the federal court direct the state

court to perform its duties as he wished).

RECOMMENDATION

      It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as

frivolous pursuant to 28 U.S.C. § 1915(e).

4

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders.  See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ - Office of the General Counsel and the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).  Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 11th day of April, 2012.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE